1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ASGHAR SHIRMOHAMADALI,
     et al.,

11
                  Plaintiffs,                  No. CIV S-07-1073 DAD[1]

12
            v.

13
     GERARD HEINAUER, et al.,                  ORDER

14
                  Defendants.

15   _____/

16          This matter came before the court on November 16, 2007, for hearing of

17   defendants' motion to dismiss the case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

18   Rules of Civil Procedure.  Kip Evan Steinberg appeared as counsel for plaintiffs, and Ada E.

19   Bosque appeared as counsel for defendants.  After hearing the arguments of counsel, the court

20   took defendants' motion under submission and directed counsel to submit a proposed schedule

21   for any further proceedings.  Having considered the arguments made in open court, all written

22   materials submitted in connection with defendants' motion, and the entire file, the court now

23   denies defendants' motion to dismiss.

24   _____

25          [1] Each of the parties filed a consent to proceed before a United States Magistrate Judge,
     and the case was reassigned to the undersigned for all further proceedings on September 5, 2007.
26   See 28 U.S.C. § 636(c).

BACKGROUND

Plaintiffs are a husband, wife, and three children who came to the United States from Iran in 1990.  In 2003, plaintiffs filed applications for adjustment of status to permanent residence, as permitted by 8 U.S.C. § 1255(a).  On June 6, 2007, plaintiffs commenced this suit by filing a complaint for mandamus in which they allege that their applications for adjustment of status have not been adjudicated.  They seek an order requiring defendants to adjudicate the applications forthwith.  Plaintiffs' complaint alleges jurisdiction predicated on 28 U.S.C. §§ 1331 and 1361,[2] 5 U.S.C. §§ 555(b) and 704,[3] and 28 U.S.C. §§ 2201 and 2202.[4]

ANALYSIS

Rule 12(b)(1) allows a party to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of a claim.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).  When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations.  Id.  "[T]he district court is not restricted to the face of the

---

[2]  Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[3]  The Administrative Procedure Act, 5 U.S.C. § 702 et seq., authorizes suit by a person suffering a legal wrong because of "agency action" and provides that the district court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  By definition, "agency action" for purposes of the APA includes "failure to act."  Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 61-62 (2004) (citing 5 U.S.C. § 702).  To state a claim under the APA, the plaintiff must allege that the defendant has a nondiscretionary duty to act and has unreasonably delayed in acting on that duty.  Id. at 63-65.

[4]  The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes any federal court to declare the rights of a party seeking such a declaration, "upon the filing of an appropriate pleading."

1   pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

2   disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560

3   (9th Cir. 1988).  When a "speaking motion" is brought, the burden of proof is on the party

4   asserting jurisdiction.  Thornhill Publ'g Co., 594 F.2d at 733.

5          A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint.

6   North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  To state a claim

7   upon which relief may be granted, a plaintiff must allege "enough facts to state a claim to relief

8   that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct.

9   1955, 1974 (2007).  Dismissal of a complaint, or any claim within it, pursuant to Rule 12(b)(6)

10  "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

11  under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

12  1990).  In ruling on a Rule 12(b)(6) motion, the court accepts as true the material allegations in

13  the complaint and construes those allegations, as well as the reasonable inferences that can be

14  drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467

15  U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

16         Here, defendants argue that this case should be dismissed pursuant to Rule

17  12(b)(1) because plaintiffs' claim concerns a decision committed to agency discretion and

18  Congress, through 8 U.S.C. § 1252(a)(2)(B), has divested the courts of subject matter jurisdiction

19  over suits that concern such a decision or action.  Defendants argue further that, if jurisdiction is

20  not precluded by § 1252(a)(2)(B), then the case should be dismissed pursuant to Rule 12(b)(1)

21  because plaintiffs' mandamus claim is not one upon which relief may be granted.  Defendants

22  contend in this regard that plaintiffs cannot show either a clear right to immediate adjudication of

23  their applications or an agency duty to adjudicate plaintiffs' applications before completing its

24  investigations.

25         Plaintiffs do not dispute the discretionary nature of the agency's decision to grant

26  or deny their applications for adjustment of status.  Plaintiffs argue that they have not requested

1   review of such a decision and that they do not seek an order compelling defendants to grant their

2   applications.  Rather, plaintiffs seek an order compelling defendants to make a decision on their

3   applications.

4          The parties note that there is a split of authority among district courts with respect

5   to jurisdiction over challenges to administrative delays in processing applications for adjustment

6   of status.  Plaintiffs contend that the reasoning of the courts that have accepted jurisdiction is

7   more persuasive and should be adopted by this court.  This court agrees.

8          In 2003, plaintiffs submitted applications for adjustment of their status pursuant to

9   8 U.S.C. § 1255.  The statute provides that "[t]he status of an alien who was inspected and

10  admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his

11  discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted

12  for permanent residence."  8 U.S.C. § 1255(a).  Now, after the passage of more than four years,

13  plaintiffs allege unreasonable delay in adjudicating their applications for adjustment of status.

14  As noted by a sister court in this circuit in September 2007, the issue of jurisdiction over such

15  claims "has come before numerous district courts across the country in recent years[,] [t]here is

16  as of yet no appellate guidance, and the district courts are split."  Dong v. Chertoff, 513 F. Supp.

17  2d 1158, 1160 (N.D. Cal. 2007).  The description remains apt, as a district court in Illinois

18  recently observed:

19              While the ultimate decision whether to adjust status is
                discretionary, the question here is whether making a decision
20              within a reasonable time–or at all–is also discretionary.   No circuit
                court has spoken on this issue, and district courts around the
21              country are divided.

22  Camerena v. Chertoff, No. 07 C 822, 2008 WL 161481 (N.D. Ill. Jan. 16, 2008).

23          In the United States District Court for the Eastern District of California, at least

24  eleven adjustment-of-status cases have been filed in the past fourteen months.  In half of the

25  cases, including the first to come before the undersigned, defendants' motions to dismiss for lack

26  of jurisdiction were not addressed by the court because the parties stipulated to dismissal after the

1  plaintiffs' applications to adjust status were granted.  See <u>Kaur v. Gonzales</u>, Civ S-07-0299 GEB

2  DAD PS (E.D. Cal.) (closed September 13, 2007 after plaintiff's application for adjustment of

3  status was granted); <u>Yuqin Liu v. Curda</u>, Civ S-07-1436 GEB GGH (E.D. Cal.) (closed

4  November 8, 2007 after plaintiff's application for adjustment of status was granted); <u>De Gomez

5  v. Chertoff</u>, Civ F-07-1094 LJO DLB (E.D. Cal.) (closed November 30, 2007 after plaintiff's

6  application to adjust status was granted); <u>Shah v. Chertoff</u>, Civ F-07-1217 LJO GSA PS (E.D.

7  Cal.) (closed November 26, 2007 after plaintiffs' applications to adjust status were granted);

8  <u>Zhou v. Gonzalez</u>, Civ S-07-1821 LKK JFM (E.D. Cal.) (closed January 7, 2008 pursuant to

9  stipulation to dismiss without prejudice based on belief that plaintiff's application can be

10  administratively resolved).  Motions to dismiss are pending in <u>Saini v. USCIS</u>, Civ S-07-0601

11  MCE KJM (E.D. Cal.) (motion submitted for decision), and <u>De Torres v. Chertoff</u>, Civ F-07-

12  1092 OWW DLB (E.D. Cal.) (motion set for hearing on February 25, 2008).

13        In three cases filed in this district alleging claims of unreasonable administrative

14  delay in processing applications for adjustment of status, rulings have been made on defendants'

15  motions to dismiss for lack of subject matter jurisdiction.  Two of the motions were granted, and

16  one was denied.

17        In May 2007, District Judge William B. Shubb granted defendants' motion to

18  dismiss in <u>Hu v. Chertoff</u>, No. CIV. S-06-2805 WBS EFB, 2007 WL 1515067 (E.D. Cal. May

19  22, 2007).  Although Judge Shubb came to the conclusion that the pace at which the USCIS

20  adjudicates an adjustment-of-status application is generally discretionary, he noted that the case

21  before him was not one where the USCIS refused to take any action at all to process the

22  plaintiffs' applications, nor one where delay equated to a refusal to process an application, "either

23  by intention or accident."  2007 WL 1515067, at *4.  He cautioned that,

24        [s]hould USCIS refuse to take any steps whatsoever to resolve a
         [legal permanent resident] application *or employ procedures such
25        that no decision will issue*, it might legitimately be said that the
         agency's inaction was not the result of an exercise of discretion at
26        all.  The agency would then not be operating within its statutory

1              discretion but rather abdicating its statutory duty to adjudicate
          applications, and under those circumstances this court could have

2              jurisdiction to review the agency's actions.

3    Id. (citing Adams v. Richardson, 480 F.2d 1159 (D.C. Cir. 1973) (en banc)) (emphasis added).

4    Judge Shubb ruled that "so long as it appears that the pace at which plaintiffs' applications are

5    being processed is the result of the exercise of some agency discretion, the statutory framework

6    precludes judicial review of the reasonableness of that pace." Id. With regard to jurisdiction

7    under the APA, Judge Shubb decided that "[t]he APA's general command that agencies resolve

8    matters within a reasonable time is not sufficient to give the court jurisdiction where, as here, the

9    challenged action is within an agency's discretion." Id., at *6.

10           On September 7, 2007, Chief District Judge Garland E. Burrell, Jr. adopted the

11   findings and recommendations filed on August 20, 2007 by Magistrate Judge Edmund F.

12   Brennan in Chen v. Chertoff, case No. CIV S-07-0093 GEB EFB PS (E.D. Cal.), and granted

13   defendants' motion to dismiss the case for lack of subject matter jurisdiction. In his findings and

14   recommendations, Magistrate Judge Brennan considered the cases cited by the parties and noted

15   that the issue of jurisdiction in adjustment-of-status cases is far from settled. Chen v. Chertoff,

16   No. CIV S-07-0093 GEB EFB PS, 2007 WL 2390359, at *4-5 (E.D. Cal. Aug. 20, 2007).

17   Magistrate Judge Brennan was persuaded by Judge Shubb's reasoning in Hu and found that the

18   facts in Chen were nearly identical to those in Hu. Id., at *5-6.[5]

19           On July 11, 2007, District Judge Ralph R. Beistline denied the motion to dismiss

20   for lack of subject matter jurisdiction filed by the defendants in Liu v. Chertoff, No. 2:06-cv-

21   2808-RRB-EFB, 2007 WL 2023548, at *5 (E.D. Cal. Jul. 11, 2007). Judge Beistline

22   subsequently found the plaintiffs entitled to a writ and granted plaintiffs' motion for summary

23   judgment. Liu v. Chertoff, No. CIV S-06-2808 RRB EFB, 2007 WL 2433337, at *7 (E.D. Cal.

24

25         [5] Although the plaintiffs in Chen appealed the dismissal of their case, the appeal was
voluntarily dismissed for reasons that are not reflected on this court's docket or on the docket for

26   the appellate case, No. 07-16858.

Aug. 22, 2007).  In his ruling on defendants' motion to dismiss, Judge Beistline concluded that the court had subject matter jurisdiction over the action under both the mandamus statute and the APA because the defendants have a non-discretionary duty to adjudicate adjustment-of-status applications within a reasonable time and failed to demonstrate that a two-and-a-half year delay is reasonable as a matter of law.  2007 WL 2023548, at *5.  Judge Beistline found that the processing of adjustment applications "is clearly non-discretionary" and therefore the discretionary mandate given to the Attorney General to adjust an alien's status is not implicated where plaintiffs seek to compel the defendants to adjudicate their applications but do not seek to compel them to decide the applications one way or the other.  Id., at *4 (citing Aboushaban v. Mueller, No. C 06-1280 BZ, 2006 WL 3041086, at *2 (N.D. Cal. Oct. 24, 2006)).

Aboushaban, cited by Judge Beistline, and Dong, cited by the undersigned supra, are among numerous cases in which judges of the United States District Court for Northern District of California have concluded that district courts have jurisdiction over claims of unreasonable delay in adjudication of adjustment applications.  The undersigned is persuaded by the analysis of this line of cases.

In Dong, the court noted that, "'[i]n the absence of a specific statutory provision to the contrary, district courts have jurisdiction to review agency action as part of their general federal question jurisdiction.'" 513 F. Supp. 2d at 1161 (quoting Proyecto San Pablo v. I.N.S., 189 F.3d 1130, 1136 n.5 (9th Cir. 1999)).  The court then applied well established principles of statutory construction to 8 U.S.C. § 1252(a)(2)(B), read in conjunction with § 1255, and determined that this jurisdiction-stripping provision does not constitute "a specific statutory provision to the contrary" that deprives the district courts of jurisdiction to review agency action. Id. at 1162-65.  The court found support for this determination in decisions of the Ninth Circuit and other circuit courts holding that the discretion granted by 8 U.S.C. § 1252(a)(2)(B)(ii) is specific and limited.  Id. at 1164-65 & n.8 (citing Spencer Enterprises v. United States, 345 F.3d /////

683, 689 (9th Cir. 2003), and decisions of the Second, Third, Fifth, Sixth, & Seventh Circuits).

Relying on these authorities, the district court in <u>Dong</u> ruled as follows:

> Based on the narrow construction to be given the jurisdiction-stripping provision of the statute, and its language precisely limiting the discretion granted, the Court therefore finds that 8 U.S.C. § 1252(a)(2)(B)(ii) does not deprive the Court of jurisdiction to hear an allegation that the determination of an application for adjustment of status has been unlawfully withheld. While the ultimate decision to grant or deny an application for adjustment of status is unquestionably discretionary, there exists a non-discretionary duty to act on and process the application.

513 F. Supp. 2d at 1165 (analogizing to the Ninth Circuit's conclusion with regard to applications for mineral patents in <u>Independence Mining Co. v. Babbitt</u>, 105 F.3d 502, 507 n.6 (9th Cir. 1997)).  The court rejected the government's argument "that the word 'action' in section 1252(a)(2)(B)(ii) should be broadly construed as divesting the courts of jurisdiction to review any matter related to reviewing applications, including the pace of review."  <u>Id.</u>

In <u>Dong</u>, the court found that jurisdiction in cases such as this one is properly premised on both the mandamus statute, 28 U.S.C. § 1361, and on the APA in conjunction with federal question jurisdiction under 28 U.S.C. § 1331 because the government has a non-discretionary duty to process adjustment applications.  <u>Id.</u> at 1161, 1166.  Judge Beistline reached the same conclusion in <u>Liu</u>, 2007 WL 2023548, at *5.  While some courts have found such a duty in the APA's general requirement that agencies act in a timely manner, others have found it in 8 C.F.R. § 103.2(b)(18), a regulation titled "Withholding adjudication."  <u>See Dong</u>, 513 F. Supp. 2d at 1166-67 (citing district court decisions in Oklahoma, Texas, Florida, and Missouri).

> The procedural requirements specified in [8 C.F.R. § 103.2(b)(18)] ensure that some timely decision is made or action taken on these applications without need of invoking the APA's default rule of reasonable timeliness.  The defendants have a non-discretionary duty to comply with 8 C.F.R. § 103.2(b)(18) in order to lawfully withhold adjudication.  If the USCIS has failed to comply with 8 C.F.R. § 103.2(b)(18), then this Court has subject matter jurisdiction under either the APA, the mandamus statute, or both, to compel an agency action unlawfully withheld.

<u>Id.</u> at 1166-67.

1    The undersigned is persuaded by Judge Beistline's reasoning in <u>Liu</u> and the

2    decisions from the Northern District of California, as well as decisions by districts courts in

3    Arizona and Washington.  <u>See Xia v. Gonzales</u>, No. C07-728 MJP, 2008 WL 168672 (W.D.

4    Wash. Jan. 15, 2008) (rejecting defendants' argument that federal jurisdiction is barred); <u>Sherdil</u>

5    <u>v. Chertoff</u>, No. CV-07-629-PHX-DGC, 2007 WL 4564111 (D. Ariz. Dec. 20, 2007) (finding

6    subject matter jurisdiction and denying the defendants' motion to dismiss); <u>Wang v. Chertoff</u>,

7    No. CIV 07-077-TUC-GEE, 2007 WL 4200672 (D. Ariz. Nov. 27, 2007) (denying defendants'

8    motion to dismiss for lack of subject matter jurisdiction); <u>Chen v. Heinauer</u>, No. C07-103RSL,

9    2007 WL 1468789 (W.D. Wash. May 18, 2007) (holding that judicial review is not barred by §

10   1252); <u>Huang v. Gonzales</u>, No. C07-0096RSM, 2007 WL 1302555 (W.D. Wash. May 7, 2007)

11   (holding that judicial review is not barred by § 1252).

12   The order sought by the plaintiffs in this case, i.e., an order compelling the

13   government to adjudicate their applications for adjustment of status, will not interfere with the

14   Attorney General's discretion to grant or deny the applications.  Moreover, it appears that the

15   delay, now in excess of four years, is caused solely by the failure of another agency to complete a

16   name check for one of the five plaintiffs.  Thus, this may well be a case where defendants have

17   chosen to "employ procedures such that no decision will issue" and such that "the agency's

18   inaction [is] not the result of an exercise of discretion at all" but rather an abdication of the

19   agency's statutory duty to adjudicate applications.  <u>See Hu</u>, 2007 WL 1515067, at *4.  The

20   sources of the delay in this case and the unreasonableness of the delay will be addressed in

21   subsequent proceedings.

22   For the reasons set forth above, the undersigned finds that the court has

23   jurisdiction over this action.  Defendants' motion to dismiss pursuant to Rule 12(b)(1) is denied.

24   To the extent that defendants' motion to dismiss pursuant to Rule 12(b)(6) is also based on lack

25   of jurisdiction, the motion is denied.  In addition, the undersigned finds that plaintiffs' complaint

26   alleges sufficient facts to state a claim that is plausible on its face.

1        FURTHER PROCEEDINGS

2        Plaintiffs have filed a motion for summary judgment, and defendants have filed

3   timely opposition with a cross-motion for summary judgment.  The cross-motions are set for

4   hearing on February 8, 2008.  The proposed schedule submitted by counsel on November 20,

5   2007 is therefore moot.  The parties' stipulation and proposed order granting defendants

6   additional time to file a response to plaintiffs' motion is also moot because defendants filed a

7   timely response.

8        IT IS ORDERED that defendants' September 21, 2007 motion to dismiss for lack

9   of jurisdiction is denied.

10  DATED: February 5, 2008.

11

12                                    _Dale A. Drozd_____

13                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE

14  DAD:kw
    ddad1\orders.consent\shirmohamadali1073.ord.mtd

15

16

17

18

19

20

21

22

23

24

25

26