IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASGHAR SHIRMOHAMADALI,
et al.,

        Plaintiffs,                     No. CIV S-07-1073 DAD[1]

    v.

GERARD HEINAUER, et al.,       ORDER

        Defendants.
_____/

        This case came before the court on February 22, 2008, for further hearing of the parties' cross-motions for summary judgment. Kip Evan Steinberg, Esq. appeared telephonically for plaintiffs. Audrey B. Hemesath, Esq. appeared telephonically for defendants. Having considered the arguments made in court, all written materials submitted in connection with the motions, and the entire file, the court will grant plaintiffs' motion and deny defendants' motion.

## ANALYSIS

        In 2003, plaintiffs filed applications for adjustment of their status to permanent residence pursuant to 8 U.S.C. § 1255(a). On June 6, 2007, plaintiffs commenced this action by

---

[1] Each of the parties filed a consent to proceed before a United States Magistrate Judge, and the case was reassigned to the undersigned for all further proceedings on September 5, 2007. See 28 U.S.C. § 636(c).

filing a complaint for mandamus. Plaintiffs seek an order requiring defendants to adjudicate their adjustment applications forthwith. By order filed February 6, 2008, the court denied defendants' motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Plaintiffs seek judgment in their favor on the grounds that there are no triable issues of material fact and that they are entitled to judgment as a matter of law because they have a right to timely adjudication of their adjustment applications, the government owes them a mandatory duty, a delay in excess of four years is unreasonable, and no other remedy is available to them. Defendants in turn seek judgment in their favor, denying that the government owes plaintiffs a clear, nondiscretionary duty and arguing that the delay in this case is reasonable.

Summary judgment is appropriate when it is demonstrated that (1) there exists no genuine issue as to any material fact and (2) the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). "A party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party would bear the burden of proof at trial, that party must establish the absence of a genuine issue of fact on each material issue and present evidence that would entitle the party to a directed verdict if the evidence were uncontroverted at trial. Miller v. Glenn Miller Productions, Inc., 454 F.3d 975, 987 (9th Cir. 2006). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist or that the moving party is not entitled to judgment as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Finding that the facts in this case are indeed undisputed, this court turns to the issues of defendants' duty to plaintiffs and the reasonableness of defendants' delay in adjudicating plaintiffs' adjustment applications. Pursuant to 28 U.S.C. § 1361, the district court has "original jurisdiction of any action in the nature of mandamus to compel an officer or

1  employee of the United States or any agency thereof to perform a duty owed to the plaintiff."
2  The mandamus statute "is intended to provide a remedy for a plaintiff only if he has exhausted all
3  other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."
4  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  See also Barron v. Reich, 13 F.3d 1370, 1374 (9th
5  Cir. 1994) (holding that a writ of mandamus may be issued only when (1) the plaintiff's claim is
6  clear and certain, (2) the defendant's duty to act is ministerial and so plainly prescribed as to be
7  free from doubt, and (3) no other adequate remedy is available).

8  The Immigration and Nationality Act authorizes the Attorney General, "in his
9  discretion," to adjust the status of certain aliens "to that of an alien lawfully admitted for
10 permanent residence." 8 U.S.C. § 1255(a).  This court has joined other courts in finding that the
11 government's decision to grant or deny an adjustment application is discretionary, but the duty to
12 process and decide adjustment applications is not.  (Order filed Feb. 6, 2008, at 4-7.)

13 The government's non-discretionary duty to adjudicate a plaintiff's adjustment
14 application includes the duty to act within a reasonable time.  5 U.S.C. § 706(1); 28 U.S.C.
15 § 1361; 8 C.F.R. 103.2(b)(18).  See Order filed Feb. 6, 2008, at 2 n.3 & 8-9; Liu v. Chertoff, No.
16 Civ. S-06-2808 RRB EFB, 2007 WL 2433337, at *4 n.8 (E.D. Cal. Aug. 22, 2007).  When called
17 upon to determine whether there has been an unreasonable delay in processing an adjustment
18 application, district courts have looked to the source of the delay, including the complexity of the
19 investigation and the extent to which the applicant has delayed the proceeding.  See Singh v.
20 Still, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007).  What constitutes a reasonable time for
21 adjudicating an adjustment petition necessarily depends on the facts of each case.  See Gelfer v.
22 Chertoff, No. C 06-06724 WHA, 2007 WL 902382, at *2 (N.D. Cal. March 22, 2007).

23 Courts in the United States District Court for the Northern District of California
24 have ruled that, "under normal circumstances, a delay of approximately two years due to an
25 uncompleted FBI background check is unreasonable as a matter of law." Clayton v. Chertoff,
26 No. C-07-2781 CW, 2007 WL 2904049, at *6 (N.D. Cal. Oct. 1, 2007) (denying summary

3

judgment for plaintiff whose adjustment application had been pending for only a year and six weeks).  See Dong v. Chertoff, 513 F. Supp. 2d 1158 (N.D. Cal. 2007) (granting summary judgment for plaintiffs whose adjustment applications had been pending for almost two years); Ying He v. Gonzales, No. C07-02765 HRL, 2007 WL 4259453 (N.D. Cal. Dec. 4, 2007) (granting summary judgment for plaintiff whose adjustment application had been pending for two and a half years); Shaikh v. Gonzales, No. C 07-0506 MEJ, 2007 WL 4259410 (N.D. Cal. Dec. 3, 2007) (granting summary judgment for plaintiff whose adjustment application had been pending for two years).

Other district courts have also concluded that delays exceeding two years are unreasonable.  See Aslam v. Mukasey, ___ F. Supp. 2d ___, No. 1:07cv331 (LMB/BRP), 2008 WL 220708 (E.D. Va. Jan. 25, 2008) (granting summary judgment for plaintiff whose application had been pending for nearly three years); Saleem v. Keisler, 520 F. Supp. 2d 1048 (W.D. Wis. 2007) (granting summary judgment for plaintiff whose application had been pending for almost five years); Liu v. Novak, 509 F. Supp. 2d 1 (D.D.C. 2007) (granting summary judgment for plaintiff whose adjustment application had been pending for more than four years); Xia v. Gonzales, No. C07-728 MJP, 2008 WL 168672 (W.D. Wash. Jan. 15, 2008) (granting summary judgment for plaintiff whose adjustment application had been pending for almost four years); Liu v. Chertoff, No. Civ. S-06-2808 RRB EFB, 2007 WL 2433337, at *6-7 (E.D. Cal. Aug. 22, 2007) (granting summary judgment for plaintiffs whose adjustment applications had been pending for two and a half years).

In the present case, plaintiffs' applications have been pending for four years and four months due to the uncompleted FBI name check for plaintiff Asghar Shirmohamadali. Faced with a similar delay for the same reason, a district court in Massachusetts concluded that

> [i]t is not necessary in this case to locate the exact position of the boundary between reasonable and unreasonable time for adjudication of permanent residency applications.  Wherever that line may fall, this case is far to the "unreasonable" side.  It has taken over four years and counting for the government simply to

4

> acknowledge what is already known to them, to plaintiffs, and to
> the Court: that there are no FBI records pertaining to [plaintiff].

Tang v. Chertoff, 493 F. Supp. 2d 148, 157-58 (D. Mass. 2007).

Here, plaintiffs filed their adjustment applications in October 2003 in Laguna Niguel, California. The applications were later transferred to the Nebraska Service Center. All five plaintiffs were fingerprinted between April 2004 and October 2006. Defendants conducted an "IBIS" check. A name check request made in November 2003 was acknowledged by the FBI in March 2004. The name checks for plaintiffs Zahra Rezaei Khosroabadi and Minoo Shirmohamadali were completed on September 23, 2004, and the name checks for plaintiffs Maryan Shirmohamadali and Hadi Shirmohamadali were completed on January 5, 2005. Three years after name checks were completed for four of the plaintiffs,[2] and more than four years after plaintiffs' applications were filed, defendants describe the name check for Asghar Shirmohamadali as "ongoing." (Defs.' Opp'n to Pls.' Mot. for Summ. J. & Cross-Mot. at 2.)

Defendants indicate that the delay in this case is caused by the volume of requests received by the FBI and that agency's apparently unlimited discretion regarding the way in which it conducts requested name checks. Defendants argue that the workload renders their delay reasonable. (Id. at 6-8.) This argument is unpersuasive. See Dong, 513 F. Supp. 2d at 1170-72 (describing conclusory allusions to national security as "something of a red herring," acknowledging fiscal and administrative burden of processing name checks but rejecting the burden as a basis for relieving defendants of their obligation to fulfil mandatory duties, and finding no merit in argument that court interference will favor applicants who are able to hire attorneys and engage in "line cutting"); Liu, 2007 WL 2433337, at *6 & n.11 (concluding that neither the volume of adjustment applications nor the "mere invocation of national security, without a particular explanation of how it caused delay, is insufficient to justify delay").

---

[2] The applications of these four plaintiffs are derivative and cannot be processed until the application for plaintiff Asghar Shirmohamadali has been processed.

Defendants have not shown that the delay in this case is attributable to plaintiffs, that plaintiffs' applications are unusually complex, that higher priorities necessitate a delay exceeding four years, or that any efforts have been made to expedite plaintiffs' applications after so long a delay. The court finds defendants' delay unreasonable. Plaintiffs have carried the burden applicable to moving parties who will bear the burden of proof at trial. There is no remedy available to plaintiffs other than an order compelling the government to act. Singh, 470 F. Supp. 2d at 1071-72; Liu, 2007 WL 2433337, at *7 n.14. Plaintiffs are therefore entitled to a writ directing defendants to adjudicate their adjustment applications.

IT IS ORDERED that:

1. Plaintiffs' January 7, 2008 motion for summary judgment is granted;

2. Defendants' January 23, 2008 cross-motion for summary judgment is denied;

3. Defendants shall adjudicate plaintiffs' adjustment applications within thirty days after this order is filed; and

4. The Clerk of the Court is directed to enter judgment for plaintiffs and close this case.

DATED: February 22, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.consent\shirmohamadali1073.ord.msj