IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASGHAR SHIRMOHAMADALI, et al.,

    Plaintiffs,                             No. CIV S-07-1073 DAD[1]

    v.

GERARD HEINAUER, et al.,        ORDER

    Defendants.
_____/

        Plaintiffs brought this action to compel adjudication of their applications for adjustment of status. By previous orders, the court denied defendants' motions to dismiss and for summary judgment, and granted plaintiffs' motion for summary judgment. On June 27, 2008, the case came before the court for hearing of plaintiffs' motion for costs and attorney fees under the Equal Access to Justice Act ("EAJA"). Kip Evan Steinberg, Esq. appeared telephonically for plaintiffs. Audrey B. Hemesath, Esq. appeared for defendants. Having considered the arguments made in open court, all written materials submitted in connection with the motion, and the entire file, the court will grant plaintiffs' motion in part.

---

[1] Each of the parties filed a consent to proceed before a United States Magistrate Judge, and the case was reassigned to the undersigned for all further proceedings on September 5, 2007. See 28 U.S.C. § 636(c).

Plaintiffs seek an award of $46,506.66. This amount is comprised of $936.66 for costs and $45,570.00 for 151.9 hours of attorney time at the rate of $300 per hour. The EAJA provides that attorney fees are to be set at the market rate but capped at $125.00 per hour. 28 U.S.C. § 2412(d)(2)(A). Plaintiffs seek an enhanced rate on the ground that plaintiffs' counsel has specialized skill necessary to this litigation and unobtainable at the statutory rate. In an affidavit dated April 30, 2008, plaintiffs' counsel declares that the cost-of-living adjusted rate using the Consumer Price Index for all urban consumers in the San Francisco Bay Area region as of February 2008 is $179.50 per hour, that his own customary hourly fee is $400 per hour, and that the usual rate for lawyers in the Sacramento with his knowledge, skill, and experience would be $350.00 to $400.00 per hour. (Pls.' Mot. for Attorney Fees & Costs, Aff. of Kip Evan Steinberg ¶¶ 17 & 19.)

Defendants argue that plaintiffs are not entitled to an award of attorney fees and costs because the government's position was substantially justified. Defendants cite their contentions during this litigation that the court lacked jurisdiction over the mandamus petition and that defendants were entitled to summary judgment. Defendants argue further that, if an award of attorney fees is warranted, the fees should be limited to the statutory rate of $125.00 per hour. Defendants do not dispute the number of hours claimed for attorney time, the cost-of-living adjusted rate calculated by plaintiffs' counsel, or the amount requested for costs.

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). It is within the court's discretion to reduce the amount to be awarded to the prevailing party, or to deny an award, if the prevailing party engaged in conduct that "unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. §§ 2412(d)(1)(C).

1        Here, it is undisputed that plaintiffs are the prevailing parties, that plaintiffs did
2 not contribute to any delay in resolving this case, and that plaintiffs' motion was timely filed.
3 Plaintiffs are entitled to an award of attorney fees unless the government can show that both its
4 pre-litigation conduct and its litigation position in this court were substantially justified.
5 Comm'r, INS v. Jean, 496 U.S. 154, 158-60 (1990); Li v. Keisler, 505 F.3d 913, 918 (9th Cir.
6 2007). "'The government bears the burden of demonstrating substantial justification,'" and to
7 bear that burden the government must show that its position had a reasonable basis in law and
8 fact. Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (quoting Gonzales. v. Free
9 Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005)). Substantial justification will be found
10 where the government's position was "justified to a degree that could satisfy a reasonable
11 person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

12        Defendants argue that "[b]oth the agency position of delaying adjudication of
13 adjustment of status applications until the completion of the Federal Bureau of Investigations
14 [sic] (FBI) background name check and the government's litigating position that the Court lacked
15 jurisdiction over the mandamus position, or alternatively that the government was entitled to
16 summary judgment, were substantially justified under the circumstances of this case." (Defs.'
17 Opp'n to Mot. for Attorney Fees, at 1-2.)  The court disagrees.

18        At summary judgment, the court found that defendants had failed to demonstrate
19 any circumstances that justified the four-year delay in this case. Defendants indicated that the
20 delay was caused by the FBI's workload and that agency's complete discretion regarding the way
21 in which it conducts name checks requested by other agencies. Defendants produced no evidence
22 of delay attributable to plaintiffs, no evidence of unusual complexity in plaintiffs' adjustment
23 applications, no evidence that higher priorities necessitated delay exceeding four years, and no
24 evidence that any efforts had been made to expedite plaintiffs' applications at any point during
25 the delay. (Order filed Feb. 22, 2008, at 5-6.)  The court found the delay unreasonable and
26 ordered defendants to adjudicate plaintiffs' adjustment applications within thirty days.

1  Defendants now oppose plaintiffs' motion for attorney fees on the ground that the
2  government's position was substantially justified "under the circumstances of this case," not only
3  with regard to the government's pre-litigation conduct, i.e., the agency's policy of delaying
4  adjudication of adjustment applications indefinitely while giving the FBI an unlimited amount of
5  time to complete name checks, but also with regard to the government's litigating position, i.e.,
6  arguing that defendants were entitled to summary judgment because the agency's policy was
7  reasonable.  Defendants have again failed to ground their argument on any facts related to the
8  circumstances of this particular case.  Defendants merely argue in general terms that it was
9  logical and efficient for the government to await completion of all security checks, including an
10 FBI name check, before proceeding with the final adjudication of plaintiffs' adjustment
11 applications, regardless of how long the security checks might take.  The agency itself has now
12 abandoned such a policy in favor of a 180-day time limit on waiting for a completed FBI name
13 check.
14  The court finds that the agency's conduct did not have a reasonable basis in fact or
15 in law, and the government's litigating position was not justified to a degree that could satisfy a
16 reasonable person.  Many courts have come to the same conclusion.  See, e.g., Aboushaban v.
17 Miller, 475 F. Supp. 2d 943, 947 (N.D. Cal. 2007) (several aspects of the government's pre-
18 litigation conduct, including delay related to the FBI name check, lacked substantial
19 justification); Zheng Liu v. Chertoff, 538 F. Supp. 2d 1116, 1119-24 (D. Minn. 2008) (the
20 government's pre-litigation position was not substantially justified by its argument that delay
21 caused by the FBI name check was reasonable and its litigation position was not substantially
22 justified by its argument that there was no duty to render a decision on the plaintiff's
23 application); Aarda v. United States Citizenship and Immigration Servs., No. Civ. No. 06-1561
24 (RHK/AJB), 2008 WL 974916, at *1-6 (D. Minn. Apr. 8, 2008) (the government's position was
25 not substantially justified where the only justification offered for delay was the FBI name check
26 backlog); Haidari v. Frazier, Civil No. 06-3215 (DWF/AJB), 2007 WL 5118370, at *4-5 (D.

Minn. May 10, 2007) (the government's position was not substantially justified because the agency's workload and the importance of FBI background checks did not negate the agency's duty to process applications in a reasonable time); Shalan v. Chertoff, Civil No. 05-10980-RWZ, 2006 WL 3307512, at *2 (D. Mass. Nov. 14, 2006) (the government's position was not substantially justified based on delay caused by the FBI name check process).

In the absence of substantial justification for the government's position, plaintiffs are entitled to an award of attorney fees. The statute authorizes the award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). "The product of reasonable hours times a reasonable rate does not end the inquiry," as other factors may lead the court to adjust the fee. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).[2] The court must "make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." Id. at 437.

Plaintiffs' counsel obtained excellent results. He successfully opposed a motion to dismiss on jurisdictional grounds and prevailed on the merits of plaintiffs' claims in the context of cross-motions for summary judgment. The outcome was an order directing defendants to adjust plaintiffs' applications for adjustment of status within thirty days. Plaintiffs' counsel has also successfully opposed defendants' contention that the government's position was substantially justified.

Defendants have not opposed the number of hours claimed by plaintiffs' counsel, and the court finds that 151.9 hours of attorney time, including the time spent on the motion for attorney fees and on a reply to defendants' opposition, is reasonable. The court will award attorney fees for 151.9 hours.

---

[2] The Hensley Court stated that its standards "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at 433 n.7. See also Comm'r, INS v. Jean, 496 U.S. 154, 161 (1990) (when a plaintiff demonstrates eligibility for attorney fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that in Hensley"); Sorenson v. Mink, 239 F.3d 1140, 1145 n.2 (2001) (although Hensley addressed attorney-fee proceedings under 42 U.S.C. § 1988, the analysis is applicable to awards of fees under the EAJA).

1    Under the EAJA, attorney fees "shall be based upon prevailing market rates for
2 the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per
3 hour unless the court determines that an increase in the cost of living or a special factor, such as
4 the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."
5 28 U.S.C. § 2412(d)(2)(A).  While "'a speciality in immigration law could be a special factor
6 warranting an enhancement of the statutory rate,'" the Ninth Circuit "ha[s] not awarded enhanced
7 hourly rates in immigration cases pursuant to the statutory exception for limited availability of
8 qualified attorneys where the litigation in question required no 'distinctive knowledge' or
9 'specialized skill.'"  Thangaraja, 428 F.3d at 876 (quoting Rueda-Menicucci v. INS, 132 F.3d
10 493, 496 (9th Cir. 1997)).

11    Clearly, plaintiffs' counsel has specialized knowledge and skill, but the court
12 finds that he has not adequately demonstrated that his specialized knowledge and skill was
13 needed in this litigation.  See Thangaraja, 428 F.3d at 876 (finding that enhanced rates were not
14 justified where counsel did not establish that he possessed some distinctive knowledge or
15 specialized skill necessary to litigating plaintiff Thangaraja's case); Rueda-Menicucci, 132 F.3d
16 at 496 (finding that counsel's specialized skill was not needed for the litigation); Aboushaban,
17 475 F. Supp. 2d at 950 (finding that enhanced rates were not justified because the case did not
18 demand specialized skill).

19    The court finds, however, that an increase in the cost of living  justifies a higher
20 fee.  In accordance with the formula approved by the Ninth Circuit, the court will adjust the
21 statutory rate of $125.00 on the basis of the national annual average consumer price index figure
22 for all urban consumers ("CPI-U") for the two years in which counsel's work was performed.
23 See Thangaraja, 428 F.3d at 876-77.  See also Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir.
24 2001); Ninth Cir. Local Rule 39-1.6 (in computing the applicable hourly rate under the EAJA,
25 adjusted for cost-of-living increases, counsel should be aware of the formula set forth in
26 Thangaraja).  According to the Bureau of Labor Statistics, the national CPI-U for 2007 was

207.342. See http://www.bls.gov/cpi/. Applying the formula, the EAJA base rate of $125.00 is multiplied by the CPI-U for 2007, i.e., 207.342, and the product is divided by 155.7, which was the national CPI-U for March 1996, when the EAJA cap of $125.00 was imposed. So calculated, the adjusted hourly rate for counsel's hours in 2007 is $166.46. For 2008, figures are available only through May. The national CPI-U for the first five months of 2008 was 213.55. Applying the same formula to that number, the adjusted hourly rate for counsel's hours in 2008 is $171.44. The court finds that plaintiffs' counsel spent 83.4 hours on the case in 2007, which yields a fee of $13,882.76 at the rate of $166.46 per hour, and 68.5 hours on the case in 2008, which yields a fee of $11,743.64 at the rate of $171.44 per hour. The court will award total fees for attorney time of $25,626.40.

Plaintiffs also seek costs in the amount of $936.66 for the filing fee ($350.00), $267.55 (photocopies), $134.11 (postage), $45.00 (faxes), and $140.00 (attorney travel expenses for two trips to Sacramento, including parking). Under the EAJA, the "fees and expenses" that may be awarded to a prevailing party other than the United States include, in addition to attorney fees, such expenses as expert witness fees and "the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A). The EAJA also provides that a judgment for costs may be awarded to any prevailing party. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Such costs include filing fees, fees for service, court reporter's fees, and fees for printing and photocopying. See 28 U.S.C. § 1920; Local Rule 54-292(f). In addition, costs ordinarily billed to the client, such as telephone calls, postage, courier, and attorney travel expenses, are recoverable under the EAJA. Int'l Woodworkers of Am. v. Donovan, 792 F.2d 762, 767 (9th Cir. 1986). See also Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) ("[W]e reject the government's argument that telephone, reasonable travel, postage, and computerized research expenses are not compensable under the EAJA."). All costs claimed by plaintiffs in this case are recoverable under 28 U.S.C. §§ 2412.

1  Accordingly, IT IS ORDERED that:

2  1. Plaintiffs' May 1, 2008 motion for attorney fees and costs pursuant to the

3  Equal Access to Justice Act, 28 U.S.C. § 2412(d), is granted in part;

4  2. Plaintiffs are awarded $25,626.40 for attorney fees; and

5  3. Plaintiffs are awarded $936.66 for costs.

6  DATED: July 2, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.consent\shirmohamadali1073.EAJAattyfee.ord